THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ELEANOR JAMES,

                               Plaintiff,                      Civil Action No.

    -against-                                            COMPLAINT

DIAMOND INSTALLATIONS, INC.;
SHARON BRANDT; ELLIOT KRACKO,             JURY TRIAL
                                                                        DEMANDED
                            Defendants.
------------------------------------------------------------x

## COUNT ONE

    1.    Plaintiff, ELEANOR JAMES, by her attorney, ANDREW J. SCHATKIN, ESQ., complains of Defendants, DIAMOND INSTALLATIONS, INC.; SHARON BRANDT; and ELLIOT KRACKO that they violated certain civil rights guaranteed to the plaintiff through the purposeful harassment and ultimate termination of plaintiff's employment. Defendant, Diamond Installations, Inc., is liable because of its policy and custom of encouraging, tolerating, permitting, and ratifying a pattern of illegal harassment and discrimination directed against the plaintiff due to her Race and Age resulting in her ultimate termination and that the Defendant, Diamond Installations, Inc. knew and ratified this pattern of harassment or should have known of it.

## JURISDICTION

    2.    This action is brought pursuant to Title 42 U.S.C., Sec. 1981. This court's jurisdiction is invoked pursuant to 42 U.S.C. Sec. 1981. The pendent jurisdiction of the court is invoked pursuant to 28 U.S.C. Sec. 1367.

**PARTIES**

3. The Plaintiff Eleanor James was at all times relevant a citizen of the United States and a resident of White Plains, State of New York, and County of Westchester.

4. Elliot Kracko was at all times relevant herein a managerial employee of Diamond Installations, Inc., and at all times acted under the direction, policies, practices, and custom of Diamond Installations, Inc.

5. Sharan Brandt was at all times relevant herein a managerial employee of Diamond Installations, Inc., and at all times acted under the direction, policies, practices, and custom of Diamond Installations, Inc.

6. Diamond Installations, Inc. was at all times relevant a construction company in the State of New York, located in New Rochelle.

**THE FACTS AND BACKGROUND**

7. Eleanor James worked full time for Diamond Installations, Inc. ("Diamond") in New Rochelle as a bookkeeper from May 14, 2001 until December 30, 2002, and had worked for twenty years in the construction industry. Ms. James obtained her A.S. Degree in Accounting from the Westchester Business Institute in 1992, and had and has a wide range of computer skills including Word, Excel, PowerPoint, Access, Lotus 12, Quickbooks Pro, Timerline, ADP, and DSI. Prior to working as a bookkeeper for Diamond, from September 2000 until April of 2001 Ms. James worked as a bookkeeper for Imagine Tomorrow, in Pearl River, New York. From 1997-1999, she worked as Financial Manager for Food Patch in Millwood, New York; from 1996-1997, Ms James worked as Payroll Administrator in Sentrale Construction Co., Inc. in White

Plains, New York; from 1980 to 1996, the plaintiff worked as Financial Officer and Business Manager for E.J. Excavating Co., Inc. in White Plains, New York. This was her own company, and she handled and supervised bookkeeping for 200 people.

8. When Ms. James first took the job with Diamond, she came as a highly experienced professional, but initially was told it was only a part time position. That was not true and she was misled. The work was onerous and difficult. There were 144 employees on the payroll when she started and 340 employees when the plaintiff was terminated. Ms. James reported to 16 different unions on a weekly and monthly basis; numerous special deductions with various unions; EEO reporting; Department of Labor responses; Worker's Compensation Records and Responses; preparing weekly funding transmittals for payroll and accounts payable; bank reconciliations; and a host of other tasks. One of the weekly union reports required receipts for over 65 employees, approximately 225 members. That particular detailed report took nearly six hours to complete manually. Ms. James' time schedule was always impacted by unscheduled layoffs; overtime programs; and continuous and continued unnecessary interruptions from her supervisor, Sharon Brandt. Ms. James requested help and was ignored. She asked to be paid overtime and that was denied. Ms. James had to stop staying late and taking work home before receiving overtime pay. The plaintiff's extensive contributions to the company were taken for granted and not appreciated. All the work was manually performed since the company did not see the need to utilize technology.

9. The problem was with her Caucasian supervisor, Sharon Brandt, who was continually interrupting and harassing the plaintiff. Ms. James approached Mr. Kracko, the President, and he would not get involved. He stated that the office belonged to them

and that if the plaintiff wanted to work there, she had to live with the conditions as they were.

10. Once the plaintiff caught Sharon Brandt forging her signature to a company document, and audit, and asked her to stop and not do it again. The plaintiff was not paid the day she was dismissed on December 30, 2002. The plaintiff had to return the next day for her paycheck and was denied vacation pay. When Ms James asked for her vacation check, she was told it required approval from the president when he returned to the office. The plaintiff finally received her vacation pay in mid January. Ms. Brandt also humiliated and intimidated Donna Sanders, who was forced to quit by Sharon. Donna Sanders, who is white, received everything due to her the day she left and the plaintiff was denied her pay and vacation pay for a period of time.

11. Despite the plaintiff's requests for help, Sharon refused help and also refused Ms. James overtime. Ms. Brandt continually demanded the plaintiff to answer her questions and continuously interrupted her and continuously harassed and attacked Ms. James.

12. At the time of her hiring, the plaintiff was 57 years of age and an African American. She is now 59. Only 5%-10% of the work force at Diamond is African American, out of a total of 344. The plaintiff chose, in good conscience, to finish her work. She was the only African American of her comparable age group working at Diamond, with the exception of Anne Marie, who was hired later and was far younger than Ms. James.

13. When the plaintiff was terminated for no reason, she was a minority at the company by age and race and was harassed, leading to her eventual termination for no other reason than her race and age.

14. When the plaintiff requested a staff meeting on May 3, 2002, her request was summarily denied by Sharon Brandt, as well as when she asked for technical assistance such as a copy machine and upgraded computer, that was also denied in April of 2002.

15. The plaintiff's performance evaluation was excellent with the exception of personally directed comments lacking substance.

16. The plaintiff was denied the 10% increment that all other employees got for alleged business reasons that affected no other employee in the same way.

## FIRST CLAIM FOR RELIEF

## AGAINST ALL DEFENDANTS

17. Paragraphs 1-16 are incorporated herein by reference.

18. Defendant Diamond Installations, Inc., acting within the generally accepted practices and policies of its own, did knowingly and purposefully discriminate against the plaintiff with respect to her compensation, terms, conditions, or privileges of employment, because of plaintiff's Race: American Black and violating her right of contract and employment.

19. Defendants acting within the generally accepted practices and policies of Diamond Installations, Inc., did knowingly and purposefully deprive the plaintiff of employment, and otherwise adversely affected her status as an employee because of the

plaintiff's Race, American Black, and violating her right of contract and employment under 42 USC Sec. 1981.

20. As a result of defendant's, Diamond Installations, Inc., actions, plaintiff did suffer damages from and as a direct result of the purposeful discrimination because of and on the basis of the plaintiff's Race. Further, the number of American Blacks where the Plaintiff worked was a small overall minority.

## SECOND CLAIM FOR RELIEF
## AGAINST ALL DEFENDANTS

21. Paragraphs 1-20 are incorporated herein by reference.

22. Defendants, acting within the generally accepted practices and policies of Diamond Installations, Inc., did knowingly and with aforethought cause plaintiff severe mental distress, anguish, and suffering.

23. At no time or instance did plaintiff agree or consent to the aforementioned mental pain, stress, anguish, and suffering.

24. As a result of defendants' actions, plaintiff did suffer damages from and as a direct result of the purposeful infliction of this great mental stress.

## THIRD CLAIM AGAINST
## ALL DEFENDANTS UNDER SEC. 296 OF THE NYS
## EXECUTIVE LAW

25. Paragraphs 1-24 are incorporated herein by reference.

26. Plaintiff did suffer harassment and ultimate termination of her position at Diamond Installations, Inc. all by reason of her Age and did suffer invidious discrimination based on her Age. Further, the number of persons her age in the

workforce at Diamond were a small minority overall.  As also in the group where she worked.

   27. As a result of defendants' actions, plaintiff did suffer damage from and as a direct result of the purposeful violation of plaintiff's rights secured by the United States Constitution.

**WHEREFORE** Plaintiff Eleanor James requests that this Court:

a. Award compensatory damages against defendants, and each of them, jointly and severally, in the amount of $5,000,000.00 (five million dollars).

b. Award punitive damages against all defendants in the amount of $5,000,000.00 (five million dollars).

c. Award costs of this action including attorney's fees to plaintiff.

d. Award reasonable medical expenses to plaintiff, and

e. Award such order and further relief as this Court may deem appropriate.

A jury trial is hereby demanded.

          RESPECTFULLY SUBMITTED

             A.S._____

Andrew J. Schatkin, Esq.
350 Jericho Turnpike
Jericho, New York 11753

Dated: April 18, 2005